United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMAAL SMITH,

        Plaintiff,

   v.

C.E. DUCART; D. MELTON;
LAWRY; DOES 1-8,

        Defendants.

_____/

No. C 15-3964 WHA (PR)

**ORDER OF SERVICE; DENYING
MOTIONS FOR APPOINTMENT OF
COUNSEL AND EXTENSION OF
TIME; INSTRUCTIONS TO CLERK**

(Dkt. Nos. 5, 12)

**INTRODUCTION**

Plaintiff, an inmate at Kern Valley State Prison, filed this civil rights case under 42 U.S.C. 1983 alleging that prison officials ant Pelican Bay State Prison ("PBSP"), where Plaintiff was formerly housed, violated his constitutional rights.  He is granted leave to proceed in forma pauperis in a separate order.  For the reasons discussed below, the complaint is ordered served upon defendant.

**ANALYSIS**

A.   **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

**United States District Court**
For the Northern District of California

1  monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro

2  se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

3  (9th Cir. 1990).

4  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

5  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

6  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

7  upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

8  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

9  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

10  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

11  do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

12  level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

13  complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.*

14  at 1974.

15  To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:

16  (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

17  that the alleged deprivation was committed by a person acting under the color of state law.

18  *West v. Atkins*, 487 U.S. 42, 48 (1988).

19  **B.    LEGAL CLAIMS**

20  Plaintiff alleges that he was attacked by another inmate on the PBSP recreational yard

21  on September 10, 2014.  According to plaintiff, defendants Does 1-8 failed to adequately search

22  inmates as they entered the yard.  The inmate who attacked him had a weapon in his shoe,

23  which Does 1-8 failed to search.  After the inmate cut plaintiff on his ear, Does 1-8 failed to

24  stop the attack, and the inmate cut Plaintiff again, threw him to the ground, and punched him.

25  Plaintiff eventually received stitches, and he has scars from where the inmate cut him.

26  When liberally construed, Plaintiff's allegations set forth a cognizable claim against the

27  Doe defendants for violating his Eighth Amendment and substantive due process rights by

28

2

**United States District Court**
For the Northern District of California

1    failing to protect him from a dangerous inmate when they failed to adequately search the inmate

2    and to intervene during the attack.  When plaintiff learns the names of the Doe defendants, he

3    shall provide them to defendants and submit them to the court.  At that time, the complaint will

4    be amended retroactively to reflect the Doe defendants' names.

5         Plaintiff also names Warden C.E. Ducart and two supervisors — Captain D. Melton and

6    Lieutenant Lawry — as defendants.  He alleges that they are liable on a respondeat superior

7    basis.  Under no circumstances is there respondeat superior liability under Section 1983,

8    however.  *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).  He also alleges they failed to

9    implement policies and adequately train and supervise prison employees in search procedures,

10   which resulted in ineffective searches of inmates (including plaintiff's attacker) before they

11   entered the prison yard on September 10, 2014.  These allegations sets forth a cognizable theory

12   of liability against the Warden and other supervisor defendants.  *See Henry A. v. Willden*, 678

13   F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)) (a

14   supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the

15   constitutional deprivation or (2) a sufficient causal connection between the supervisor's

16   wrongful conduct and the constitutional violation).  Accordingly, plaintiff has alleged a

17   cognizably claim for the violation of his Eighth Amendment and substantive due process rights

18   against the supervisory defendants.

19                                      **CONCLUSION**

20        For the reasons set out above, it is hereby ordered as follows:

21        1.  The clerk shall issue summons and the United States Marshal shall serve, without

22   prepayment of fees, a copy of the complaint (Dkt. No. 9) with all attachments thereto, and a

23   copy of this order upon defendants **Warden C.E. Ducart, Correctional Captain D. Melton,**

24   **and Correctional Lieutenant Lawry** at **Pelican Bay State Prison**.  A courtesy copy of the

25   complaint with attachments and this order shall also be mailed to the California Attorney

26   General's Office.

27        2.  Defendants **shall** file an answer in accordance with the Federal Rules of Civil

28

                                          3

United States District Court

For the Northern District of California

1    Procedure.

2        3.  In order to expedite the resolution of this case:

3            a.  No later than **91 days** from the date this order is filed, defendant shall file a

4    motion for summary judgment or other dispositive motion.  If defendant is of the opinion that

5    this case cannot be resolved by summary judgment, he shall so inform the court prior to the date

6    the summary judgment motion is due.  All papers filed with the court shall be promptly served

7    on the plaintiff.

8            b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

9    court and served upon defendant no later than **28 days** from the date of service of the motion.

10   Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to

11   him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and

12   *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

13           c.  Defendants **shall** file a reply brief no later than **14 days** after the date of

14   service of the opposition.

15           d.  The motion shall be deemed submitted as of the date the reply brief is due.

16   No hearing will be held on the motion unless the court so orders at a later date.

17           e.  Along with his motion, defendants shall proof that they served plaintiff the

18   *Rand* warning at the same time they served him with their motion.  Failure to do so will result in

19   the summary dismissal of their motion.

20       4.  All communications by the plaintiff with the court must be served on defendant, or

21   defendant's counsel once counsel has been designated, by mailing a true copy of the document

22   to defendant or defendant's counsel.

23       5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

24   No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

25   required before the parties may conduct discovery.

26       6.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

27   informed of any change of address and must comply with the court's orders in a timely fashion.

28

4

1    Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

2    Federal Rule of Civil Procedure 41(b).

3         7.  Plaintiff's motion for an extension of time to provide documents about his financial

4    ability to pay is **DENIED** as unnecessary in light of the order granting him leave to proceed in

5    forma pauperis.  Plaintiff's motion for appointment of counsel is **DENIED** as there is no right to

6    counsel in civil cases, plaintiff has demonstrated his ability to present his claims adequately,

7    and the circumstances of this case do not necessitate counsel at this time.

8         IT IS SO ORDERED.

9

10   Dated: October ____19____, 2015.   

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

5

**United States District Court**
For the Northern District of California

1

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

2      If defendants move for summary judgment, they are seeking to have your case

3   dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil

4   Procedure will, if granted, end your case.

5      Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

6   Generally, summary judgment must be granted when there is no genuine issue of material

7   fact--that is, if there is no real dispute about any fact that would affect the result of your case,

8   the party who asked for summary judgment is entitled to judgment as a matter of law, which

9   will end your case. When a party you are suing makes a motion for summary judgment that is

10   properly supported by declarations (or other sworn testimony), you cannot simply rely on what

11   your complaint says. Instead, you must set out specific facts in declarations, depositions,

12   answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that

13   contradict the facts shown in the defendant's declarations and documents and show that there is

14   a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,

15   summary judgment, if appropriate, may be entered against you. If summary judgment is

16   granted, your case will be dismissed and there will be no trial.

17

18

19

20

21

22

23

24

25

26

27

28