**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAAL SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C.E. DUCART; D. MELTON; LAWRY; SERGEANT J. LACY; OFFICER A. SCHAAD; OFFICER S. KERIK; OFFICER H. HANOVER; OFFICER M. HUMPHREY; OFFICER P. HICKS,<br><br>　　　　Defendants.　　　　　　／ | No. C 15-3964 WHA (PR)<br><br>**ORDER AMENDING COMPLAINT RETROACTIVELY; DIRECTING SERVICE OF NEWLY NAMED DEFENDANTS; EXTENDING DEADLINE FOR DISPOSITIVE MOTION** |

　　　　Plaintiff, an inmate at Kern Valley State Prison, filed this civil rights case under 42 U.S.C. 1983 alleging that prison officials ant Pelican Bay State Prison ("PBSP"), where Plaintiff was formerly housed, violated his constitutional rights. The complaint was found to state cognizable claims against three named defendants — Warden C.E. Ducart, Correctional Captain D. Melton, and Correctional Lieutenant Lawry — and it was served upon them. The complaint also made allegations against Doe defendants, which allegations were also found to state cognizable claims for relief. Plaintiff has submitted the names of these Doe defendants.

　　　　In light of the foregoing,

　　　　1.　　The complaint is retroactively amended to replace defendants Does 1-6 with defendants Sergeant J. Lacy; Officer A. Schaad; Officer S. Kerik; Officer H. Hanover; Officer

M. Humphrey; and Officer P. Hicks.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendants **Sergeant J. Lacy; Officer A. Schaad; Officer S. Kerik; Officer H. Hanover; Officer M. Humphrey; and Officer P. Hicks** at **Pelican Bay State Prison**. A

3. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. The provisions in the Order of Service regarding dispositive motions, discovery, and filings remain in effect, except that the deadline for defendants to file a dispositive motion or indicate that such a motion is not warranted in this case is extended to and including **April 5, 2016**.

IT IS SO ORDERED.

Dated: February __17__, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.