IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAAL SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>C.E. DUCART; D. MELTON; LAWRY; SERGEANT J. LACY; OFFICER A. SCHAAD; OFFICER S. SKERIK; OFFICER H. HANOVER; OFFICER M. HUMPHREY; OFFICER P. HICKS; SERGEANT ANDREW BARNEBURG; OFFICER L. NORTHRUP,<br><br>    Defendants.<br>                                                / | No. C 15-3964 WHA (PR)<br><br>**ORDER GRANTING MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT; INSTRUCTIONS TO CLERK; DENYING DEFENDANTS' DISPOSITIVE MOTION; SCHEDULING RENEWED DISPOSITIVE MOTION; GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Dkt. Nos. 57, 58 59, 64, 69) |

    Plaintiff, an inmate at Kern Valley State Prison, filed this civil rights case under 42 U.S.C. 1983 alleging that prison officials at Pelican Bay State Prison ("PBSP"), where plaintiff was formerly housed, violated his constitutional rights. The complaint listed eight "Doe" defendants, and when plaintiff submitted their names, the complaint was amended retroactively to reflect the names of all the defendants.

    Plaintiff has filed two motions to file an amended complaint to make one change. The original complaint alleges "damage to his ear and head, pain and suffering, shame, humiliation, degradation, emotional distress, embarrassment, mental distress, and other injuries." The proposed amended complaint omits shame, humiliation, degradation, emotional distress, and

mental distress from the alleged damages, but continues to allege "damage to his ear and head, pain and suffering, embarrassment, and other injuries." Good cause appearing, plaintiff's motion for leave to file an amended complaint (ECF No. 57, 58) is **GRANTED**. *See* Fed. R. Civ. P. 15(a).

The clerk shall file the proposed amended complaint attached docket number 58 as the "First Amended Complaint." The First Amended Complaint is deemed to name the defendants listed in the caption of this order in lieu of Doe defendants 1-8.

In light of the amended complaint, defendants' motion to dismiss or alternatively for summary judgment (ECF No. 64) on exhaustion grounds based on the original complaint is **DENIED** as moot. Defendants shall file a new dispositive motion (which may or may not be a renewed version of the dispositive motion they filed) **within 28 days** of the date this order is filed. Plaintiff's opposition is due within **28 days** of the date the renewed motion to dismiss is filed, and defendants **shall** file a reply brief within **14 days** of the date the opposition is filed. The provisions of the Order of Service (ECF No. 15) governing the filing, briefing and disposition of dispositive motions remain in effect to the extent not contradicted herein.

Plaintiff has also filed a motion for a preliminary injunction or temporary restraining order seeking to stop defendants from using medical records that they obtained from the California Department of Corrections and Rehabilitation ("CDCR"), and to stop the CDCR from supplying his medical records related to this lawsuit. Plaintiff filed a similar motion previously (ECF No. 54), which was granted in part and denied in part. Specifically, because plaintiff medical condition at issue in his claims for physical and mental injuries and waived any doctor-patient privilege, it was ordered that defendants may use plaintiff's medical records to defend against plaintiff's lawsuit, albeit only those records that relate to plaintiff's claims, but they shall not share plaintiff's medical records with any outside parties. Plaintiff's motion (ECF No. 59) is **GRANTED IN PART AND DENIED IN PART**. Once again, defendants may use plaintiff's medical records to the extent they are relevant to the defense against plaintiff's claims. If plaintiff believes that defendants are using any medical records which are not

relevant to a defense against his claims, plaintiff may make that argument when he opposes the dispositive motion in which defendants rely upon such records. Defendants may not disclose plaintiff's records to any outside parties. Further, because plaintiff indicates that he does not want any more medical records, defendants and other prison officials shall not send him any further medical records.

Plaintiff's motion for appointment of counsel (ECF No. 69) is **DENIED**. Plaintiff has thus far been able to pursue his claims effectively. Plaintiff shall not renew his request for appointment of counsel because if the circumstances of this case change so as to necessitate counsel to assist plaintiff — for example, if trial becomes necessary — the case will be referred to the Federal Pro Bono Project of the San Francisco Bar Association for location of pro bono counsel who is willing to represent plaintiff.

**IT IS SO ORDERED.**

Dated: July __12__, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE